UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DUGAS,<br><br>                       Plaintiff,<br><br>v.<br><br>STARWOOD HOTELS & RESORTS WORLDWIDE, INC.; HST LESSEE SAN DIEGO, LP; HST GP SAN DIEGO, LLC,<br><br>                       Defendants. | Case No.: 3:16-cv-00014-GPC-BLM<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT** |

On January 5, 2016, Plaintiff Paul Dugas filed a class action lawsuit against Defendants Starwood Hotels and Resorts Worldwide, Inc. ("Starwood"), HST Lessee San Diego, LP, and HST GP San Diego, LLC (collectively "Defendants"). Dkt. No. 1. After this Court granted Defendants' motion to dismiss, Plaintiff filed a Second Amended Complaint ("SAC") on December 7, 2016, asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Dkt. No. 28, 31. Soon thereafter, this Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 49. Plaintiff responded to the Court's OSC on April 24, 2017 and Defendant responded on April 24, 2017. For the following

reasons and because Plaintiff has failed to address the deficiencies set forth in the OSC, the Court **DISMISSES** the SAC **without prejudice**.

## BACKGROUND

### 1. Second Amended Complaint

On December 7, 2016, Plaintiff Paul Dugas filed a Second Amended Class Action Complaint against Defendants. ECF No. 31. In the Second Amended Complaint ("SAC"), Plaintiff alleges two class action claims against Defendants under the California Customer Records Act, Cal. Civ. Code § 1798.81.5, and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. *Id.* Plaintiff states that this Court has federal subject matter jurisdiction over these claims pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Plaintiff has brought this lawsuit against Defendants on behalf of all current and former customers of Starwood Hotels who have provided Starwood with their consumer information. SAC ¶ 32. In November 2015, Starwood explained in an internet press release that there had been a data breach earlier in the year around April 13, 2015. *Id.* ¶ 23. The SAC asserts, though, that malware had been installed on Starwood's customer systems, targeting customer information, since November 2014. *Id.* ¶ 22. The SAC alleges that Starwood knew or should have known the value of the information they were storing and that such information made them a high profile target. *Id.* ¶ 28. Plaintiff seeks damages for injuries stemming from these breaches.

### 2. Order to Show Cause

In an order dated April 6, 2017, this Court Ordered Plaintiff to Show Cause ("OSC") why this action should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332(d). Dkt. No. 49. The OSC pointed out three deficiencies in Plaintiff's SAC.

First, the Court noted that it questioned whether the amount-in-controversy exceeds the CAFA jurisdictional threshold. The Court emphasized that Plaintiff's Prayer for Relief was silent as to what amount of restitution or damages he sought and that the

SAC otherwise failed to plausibly allege how the $5,000,000 bar would be met in light of the injuries claimed. As such and because the Court had reservations about whether the amount-in-controversy had been met the Court ordered Plaintiff to support its allegation.

Second and irrespective of whether Plaintiff had met the jurisdictional threshold, the Court concluded that the facts alleged in the SAC prevented the Court from determining whether it must decline to assert CAFA jurisdiction under the mandatory "local controversy" exception. Citing 28 U.S.C. § 1332(d)(4)(A)(i), the Court observed that the exception requires courts to (1) determine whether "greater than two-thirds of the members" of the proposed class "are citizens of the State in which the action was originally filed" and (2) determine whether at least one defendant is a citizen of the State in which the action was originally filed, among other facts.

The Court emphasized, however, that Plaintiff had incorrectly alleged the citizenship of two of the Defendants, HST Lessee San Diego, a Limited Partnership, and HST GP San Diego, a Limited Liability Company. Plaintiff's statement of jurisdiction stated that the Defendants were all "Maryland and Delaware" corporations, yet the Court pointed out that this was inaccurate given that the SAC also described one Defendant as a Limited Partnership and another as a Limited Liability Company. The Court further invited Plaintiff to weigh in on whether two-thirds of the proposed class were "citizens of the State in which the action was originally filed," given that Plaintiff's proposed class would seek relief only for violations of California law.

## **CAFA JURISDICTION**

"CAFA vests federal courts with 'original' diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 8 U.S.C. § 1332(d)(2). "CAFA," however "only applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons . . . ." *Serrano*, 478 F.3d at 1020; 8 U.S.C.§ 1332(d)(5).

3

3:16-cv-00014-GPC-BLM

These prerequisites must be present for the Court to assert original jurisdiction under CAFA, but they do not end a Court's jurisdictional analysis. CAFA contains mandatory and discretionary exceptions to the jurisdiction it confers. CAFA jurisdiction, for instance, shall not be exercised when the class action is a "local controversy" or a "home state controversy." *See Serrano*, 478 F.3d at 1022 (citing §§ 1332(d)(4)(A) and (B)). These mandatory provisions are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570 (5th Cir. 2011).

"Implicit in both subsections (d)(3) and (d)(4) is that the court has jurisdiction, but the court either may or must decline to exercise such jurisdiction." *Serrano*, 478 F.3d at 1022. A court may raise concerns about its duty to decline jurisdiction under § 1332(d)(4) *sua sponte*. *See Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1108 (D.Or. 2012) (holding that the CAFA mandatory exceptions raise abstention concerns which may be raised *sua sponte*).

## **DISCUSSION**

Plaintiff has entirely failed to respond to the deficiencies in its pleading or address the Court's concerns regarding whether it has original jurisdiction under CAFA and whether it otherwise must decline to exercise such jurisdiction under § 1332(d)(4)(A).

One, Plaintiff has failed to explain its allegations concerning CAFA's jurisdictional minimum. In response to the Court's OSC, Plaintiff states the following:

> Mr. Dugas has alleged that all current and former customers of Starwood are affected by the breach at issue in this case. On the date of attack, hundreds of thousands of customer records were stolen. Even conservatively valuing this at exactly 100,000 individuals would mean the value of the breach per user would need to exceed just $50. A more than reasonable amount for the sensitivity of the date that was compromised.

Dkt. No. 51 at 2-3. This statement, however, does not adequately respond to the Court's observation that the SAC's silence as to the restitution sought, in light of the California causes of action brought, fails to plausibly allege that CAFA's

4

$5,000,000 jurisdictional minimum has been met. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938) ("It is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation.").

Two and more importantly, Plaintiff's response does not provide the Court with the information it requires to assess whether it must decline to assert CAFA jurisdiction under the "local controversy" exception. *See* 28 U.S.C. § 1332(d)(4)(A)(i).[1]

Plaintiff's response does not adequately allege the citizenship of the Defendants. Plaintiff continues to assert that all of the Defendants are either Delaware or Maryland corporations for purposes of jurisdiction. As the Court stated in its OSC, however, this cannot be true as Defendant HST Lessee San Diego, LP, as its name implies, is a limited partnership and Defendant HST GP San Diego, LLC is a limited liability corporation. The Court pointed out in its OSC that for jurisdictional purposes LPs and LLCs are "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff has done nothing to cure this blatant inconsistency or to assert the citizenship of the owners and members of

---

[1] "A district court *shall* decline to exercise jurisdiction under [§ 1332(d)(2)]-
    (A)(i) over a class action in which-
        (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
        (II) at least 1 defendant is a defendant-
            (aa) from whom significant relief is sought by members of the plaintiff class;
            (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
            (cc) who is a citizen of the State in which the action was originally filed; and
        (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
    (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."
28 U.S.C. § 1332(d)(4)(A) (emphasis added).

the LP and LLC named as Defendants. Plaintiff, therefore, has failed to properly assert the citizenship of two of the Defendants and as such the Court cannot determine whether the second prong of the mandatory "local controversy" exception to CAFA applies. *See* 28 U.S.C. § 1332(d)(4)(A)(i).

Plaintiff's response also fails to address the first prong of the "local controversy exception," which inquiries into whether two-thirds, or more, of the individuals in the proposed class are California citizens. The Court pointed out in the OSC that the proposed class could not be as broad as Plaintiff alleges because it is only asserting California causes of action. Plaintiff's response to the OSC fails to even grapple with this concern. Accordingly, the Court is left to speculate as to whether two-thirds or more of the proposed plaintiff class are citizens of California.

In sum, the Court finds that the SAC has not made a plausible showing that CAFA's jurisdictional bar has been met. The Court also concludes that it cannot assess whether it must, irrespective of the jurisdictional minimum, decline to assert CAFA jurisdiction pursuant to the mandatory "local controversy" exception because Plaintiff has not properly alleged the citizenship of two of the Defendants and has not specified the citizenship of the proposed class. *See* 28 U.S.C. § 1332(d)(4)(A)(i).

## **CONCLUSION**

In light of the aforementioned deficiencies and Plaintiff's failure to adequately respond to the Court's OSC, the Court **DISMISSES** this action **without prejudice**. *See John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 198 (2d Cir. 1967) (finding discretion not abused in dismissing case where the court pointed out pleading errors related to subject matter jurisdiction which were ignored). Plaintiff has 14 days from the date of this Order to file an amended complaint that cures the deficiencies identified by this Order, that makes a plausible showing that CAFA's jurisdictional threshold has been met, and that permits the Court to assess whether CAFA's mandatory "local controversy" exception applies. The Court warns that failure to do so will result in a final Order dismissing this civil action either for want of CAFA jurisdiction or for failure to

prosecute in compliance with a Court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: June 28, 2017

Hon. Gonzalo P. Curiel
United States District Judge